Gary L. **MORRISSEY, Trustee for EWC, Inc.,** Appellant,

v.

**INTERNAL REVENUE SERVICE,** Respondent.

No. CIV–94–652–L.

United States District Court, W.D. Oklahoma.

Sept. 13, 1995.

Charles P. Hurley, U.S. Department of Justice, Tax Division, Washington, DC, for I.R.S.

Gary L. Morrissey, Mahaffe & Gore, Oklahoma City, OK, for appellant.

### ORDER

LEONARD, District Judge.

This matter is before the court on appeal from the Order Allowing Claim of the Internal Revenue Service issued by United States Bankruptcy Judge Richard L. Bohanon. Appellant, Gary L. Morrissey, Trustee for debtor EWC, Inc., contends that the Bankruptcy Court "erred in ruling that the Internal Revenue Service ("IRS") was not required to change EWC from the cash to the accrual method of accounting for 1989." Trustee's Brief on Appeal at 1. The Trustee does not question the Bankruptcy Court's Findings of Fact; rather, the Trustee is appealing the Bankruptcy Court's legal conclusion that the IRS was not required to use the accrual method of accounting to calculate EWC's tax liability for 1989.

When determining a bankruptcy appeal, this court may not set aside findings of fact made by the bankruptcy court unless they are clearly erroneous. Bankr.R. 8013; *In re Yeates*, 807 F.2d 874, 877 (10th Cir. 1986). Questions of law are reviewed under a *de novo* standard. *Id.* As the issue presented in this case is purely a question of law, the court has conducted a *de novo* review of this matter.

The Trustee argues that section 448 of the Internal Revenue Code ("Code"), 26 U.S.C. § 448, mandates that the IRS use the accrual method of accounting to determine EWC's tax liability for 1989. Section 448 provides that:

> **(a) General rule.**—Except as otherwise provided in this section, in the case of a—
>
> > (1) C corporation,
> >
> > (2) partnership which has a C corporation as a partner, or
> >
> > (3) tax shelter,
>
> taxable income shall not be computed under the cash receipts and disbursements method of accounting.

26 U.S.C. § 448. The Trustee contends that use of the accrual method is mandatory in this case for 1989 as EWC was a C corporation and none of the enumerated exceptions in section 448 apply.

The Trustee's analysis, however, is too narrow. Section 448 cannot be read in isolation, but rather must be read in conjunction with other sections of the Code. The legislative history of section 448 states:

> The committee bill does not change the rules of present law relating to what accounting methods clearly reflect income or the authority of the Secretary of the Treasury to require the use of an accounting method that clearly reflects income.

H.Rept. 99–426 at 606 (*quoted in Ansley–Sheppard–Burgess Co. v. Commissioner*, 104 T.C. 367, 373, 1995 WL 131530 (1995)). Likewise, regulations promulgated under section 448 provide that "nothing in section 448 affects the authority of the Commissioner under section 446(b) to require the use of an accounting method that clearly reflects income...." 26 C.F.R. Part 1, § 1.448–1T(c).

> Section 446 of the Code provides that:
> (a) **General rule.**—Taxable income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books.
> (b) **Exceptions.**—If no method of accounting has been regularly used by the taxpayer, or if the method used does not clearly reflect income, the computation of taxable income shall be made under such method as, in the opinion of the Secretary, does clearly reflect income.

26 U.S.C. § 446. Under this section, "the Commissioner may authorize a taxpayer to continue the use of a method of accounting consistently used by the taxpayer, even though not specifically authorized by the regulations in this part, if, in the opinion of the Commissioner, income is clearly reflected by the use of such method." 26 C.F.R. Part 1, § 1.446–1(c)(2)(ii). That is what occurred in this case. The Bankruptcy Court found, and the Trustee concedes, that EWC consistently used the cash method of accounting. Order Allowing Claim of the Internal Revenue Service at 2; Trustee's Brief on Appeal at 2–3. The Revenue Agent testified that in light of this consistency and the fact that cash-basis accounting clearly reflected EWC's income, the IRS exercised its discretion and continued to use the cash method of accounting for 1989. Transcript of Proceedings at 132, 134, 141, 143. This decision was permissible under the regulations. The Commissioner's decision is entitled to deference and "is not to be set aside unless shown to be 'plainly arbitrary.'" *Thor Power Tool Co. v. Commissioner*, 439 U.S. 522, 533, 99 S.Ct. 773, 781, 58 L.Ed.2d 785 (1979) (*quoting Lucas v. Kansas City Structural Steel Co.*, 281 U.S. 264, 271, 50 S.Ct. 263, 266, 74 L.Ed. 848

(1930)). The Trustee has not shown that this decision was "plainly arbitrary."

Therefore, based on a de novo review of this matter, the court AFFIRMS the Bankruptcy Court's Order Allowing Claim of the Internal Revenue Service.

It is so ordered.